UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 24-54473-LRC |
| | : | |
| PHOEBE B. GUISE, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

**TRUSTEE'S RESPONSE TO DEBTOR'S MOTION TO DISMISS CASE**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**" or "**Applicant**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Phoebe B. Guise ("**Debtor**"), and files *Trustee's Response to Debtor's Motion to Dismiss Case* (the "**Response**"). In support of the Response, Trustee respectfully shows the Court the following:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**Background Facts, Available Assets, and Relief Requested**

*a. General Facts*

2. Debtor initiated the underlying bankruptcy case (the "**Case**" or "**Bankruptcy Case**") by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on May 1, 2024 (the "**Petition Date**").

3. Trustee was thereafter appointed and remains the duly acting Chapter 7 trustee in this Case.

4. Upon Debtor's filing her voluntary bankruptcy petition, the Bankruptcy Estate was formed, and it includes all of Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case. *See* 11 U.S.C. § 541(a)(1). Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323.

5. On May 1, 2024, Debtor filed her schedules of assets and liabilities [Doc. No. 1] (the "**Schedules**") together with her Statement of Financial Affairs [Doc. No. 1] (the "**SOFA**").

6. On her Schedule A/B, Debtor indicated she does not own any real property. Based on Trustee's research and investigation, Debtor is the sole owner of property located at 224 Thorncrest, Stockbridge, GA 30281 (the "**Thorncrest Property**") (which does not appear to be subject to any security deeds) and the co-owner of property located at 309 Asgard Court, Stockbridge. GA 30281 (the "**Asgard Property**" and, together with the Thorncrest Property, the "**Properties**"). Debtor owns the Asgard Property with the late Shannon L. Boyce named as the other co-owner.

7. Trustee believes that the Thorncrest Property may be valued at $262,000.00 based on Zillow.com, and that Debtor's interest in the equity in the Asgard Property could be valued at approximately $90,000.00.

8. On August 12, 2024, Debtor filed her Motion to Dismiss Case [Doc. No. 25] (the "**Motion**"). In the Motion, Debtor states: "Debtor does desire, by way of this pleading, to voluntary dismiss this Chapter 7 case effective instanter."

### *d. Claims against the Bankruptcy Estate*

9. The deadline to file claims is September 19, 2024 [Doc. No. 18]. As of the date of the filing of this Response, the claims filed in this case total $26,480.78.

### Relief Requested

10. Trustee requests an order denying Debtor's Motion to Dismiss.

**Basis for Relief Requested**

11. "Chapter 7 bankruptcy is not something that you can dip your toe into in order to check the temperature of the water. It is something that you jump into and can only be rescued from if you show cause." *In re Dream Street, Inc.,* 221 B.R. 724, 725-726 (Bkrtcy.W.D.Tex. 1998). "While the debtor may choose to place [herself] in bankruptcy by filing a petition with this Court to commence his case, [s]he does not have the same degree of discretion in deciding whether [s]he will terminate the proceedings once they are started." *In re Blackmon*, 3 B.R. 167, 169 (Bankr. S.D. Ohio 1980); *see also In re Todd*, 2015 Bankr. LEXIS 2844, *10-11 (Bankr. N.D. Ga. August 6, 2015) (Ellis-Monro, J.) (*citing* to 11 U.S.C. § 707(a)).

12. "Unlike under Chapter 13, the debtor has no absolute right to dismissal[1] of a Chapter 7 case (citations omitted). In order to succeed in a motion to dismiss, the debtor must make a showing of cause and demonstrate why dismissal is justified. (citations omitted). Even if the debtor can show cause, the court should deny the motion if there *is any showing of prejudice to creditors*." *In re Turpen*, 244 B.R. 431 (8th Cir. BAP 2000) (emphasis added); *see also In re Misty Mountain*, 270 B.R. 53 (W.D.Va. 2001); *In re Stephenson*, 262 B.R. 871 (Bankr. W. D. Okla. 2001).

13. A debtor (or the movant) carries the burden to prove cause for dismissal under Section 707(a). *Dionne v. Simmons (In re Simmons)*, 200 F.3d 738, 743 (11th Cir. 2000). And, a finding of cause is "committed to the sound discretion of the bankruptcy court." *In re Smith*, 507 F.3d 64, 73 (2d Cir. 2007) (*quoting In re Hull*, 339 B.R. 304, 308 (Bankr. E.D.N.Y. 2006)).

---

[1] There is no binding precedent from the Eleventh Circuit whether a Chapter 13 debtor has an absolute right to dismiss her bankruptcy case, and several lower courts have expressed the view that such a right is qualified by the debtor's good faith and abuse of the bankruptcy process. *See In re Christopher Spann*, 2021 Bankr. LEXIS 3037, at *3-4 (Bankr. N.D. Ga. November 3, 2021) (Sacca, J.) (*citing In re Jones*, 231 B.R. 110 (Bankr. N.D. Ga. 1999) and *In re Letterese*, 397 B.R. 507 (Bankr. S.D. Fla. 2008)).

3

14. Moreover, requiring that a debtor's creditors pursue their claims against the debtor at state law, is prejudicial to them. *See, e.g., In re Martin*, 30 B.R. 24, 26 (Bankr. E.D.N.C. 1983) (stating "the delay and added costs involved in the pursuit of their state court discovery rights would constitute prejudice to creditors.").

15. Applying these principles of law to the instant matter, it is clear the Court should deny the Motion to Dismiss. Debtor's creditors have filed claims (thus far) in the amount of $26,480.78. Debtor's Schedule E/F lists a total of $37,025.42 in claims. Based upon Debtor's Schedule I and Schedule J, Debtor has monthly net income of $0.14 (fourteen cents).

16. Moreover, based on the available equity in the Property, dismissal of this Case is not in the best interests of creditors.

17. In sum, based on all of the above, there is no cause to dismiss this Case, and Trustee requests that the Court deny the Motion to Dismiss.

WHEREFORE, Trustee prays that the Court deny the Motion to Dismiss and grant such other and further relief as it considers just and proper.

This 14th day of August, 2024.

                                    ROUNTREE LEITMAN KLEIN & GEER, LLC
                                    *Proposed Attorneys for Trustee*

                                    By:   */s/ Michael J. Bargar*
                                            Michael J. Bargar

Century Plaza I                              Georgia Bar No. 645709
2987 Clairmont Road, Suite 350       mbargar@rlkglaw.com
Atlanta, Georgia 30329
404-410-1220

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing *Trustee's Response to Debtor's Motion to Dismiss Case* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery by first class mail to the following entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Phoebe B. Guise
1684 Stephenson Road
Lithonia, GA 30058

This 14th day of August, 2024.

/*s/ William D. Matthews*
William D. Matthews
Georgia Bar No. 470865